**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SHAMEKIA HOLLAND,

                              Plaintiff,

         - against -

VILLAGE OF MASTIC BEACH, THERESA
MADARASZ and PATRICK McCALL, in their
individual and official capacities, and
John Doe # I, a Village of Mastic Beach Public
Safety Officer, in his individual and official
capacity,

                              Defendants.
----------------------------------------------------------------X

**ORDER**

CV 16-504 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is Plaintiff Shamekia Holland's September 2, 2016 letter motion requesting (1) a ruling from the Court as to whether Plaintiff must provide HIPAA-compliant record release authorizations to Defendants; and (2) a protective order pursuant to Fed. R. Civ. P. 26(b) protecting Plaintiff from providing certain information in response to interrogatories and document requests served by Defendants. DE 22.

      As Plaintiff notes in her motion, the Court issued certain directives regarding HIPAA authorizations during the June 15, 2016 Initial Conference in this matter. *See* DE 15 ¶ 2. Specifically, the Court ruled that:

> "Plaintiff's [counsel] has two weeks to confer with his client and
> report back to this Court whether the plaintiff is claiming
> emotional distress damages and whether she intends to introduce
> records or testimony from a physician or mental health professional
> to support such claims. Once I receive that information, I will make
> a determination whether plaintiff needs to provide
> HIPAA-compliant records release authorizations to Defendants'
> counsel."

*Id.* On June 23, 2016, Plaintiff's counsel submitted a letter to the Court stating, that "plaintiff is ***not claiming*** emotional distress damages and does not intend to introduce records or testimony from a physician or mental professional to support such claims." DE 17 (emphasis supplied). It appears from Plaintiff's letter, then, that Plaintiff is not pursuing emotional distress damages of any kind, including "garden variety" emotional distress damages about which she can testify without introducing an expert or providing HIPAA releases.

In light of the representations in Plaintiff's June 23, 2016 letter, the Court is not requiring Plaintiff to provide HIPAA authorizations to Defendants at this time. Since Plaintiff is not seeking damages based on emotional distress and does not intend to place her physical or mental condition in issue by introducing evidence from a physician or mental health professional, Defendants are not entitled to obtain Plaintiff's health records from providers who have treated her. *See generally Kelly v. Times/review Newspapers Corp.*, No. 14-CV-2995, 2016 WL 2901744, at *1 (E.D.N.Y. May 18, 2016) ("[A] claim limited to garden variety damages will not generally operate to require production of medical records."); *Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14-CV-8787, 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016) ("If Plaintiffs seek only garden variety damages, then they need not provide medical corroboration for any alleged injury, nor can they be said to have put their entire physical and mental condition at issue."); *see also Griggs v. Weiner*, No. CV-13-3885, 2015 WL 6455298, at *3 (E.D.N.Y. Oct. 26, 2015) ("Making a claim as part of a litigation that a party suffered an injury, is not, standing alone, sufficient to put the medical condition at issue in the case.") (internal quotation marks omitted); *cf. Sunegova v. Vill. of Rye Brook*, No. 09-CV-4956, 2011 WL 6640424, at *10

(S.D.N.Y. Dec. 22, 2011) (stating that the plaintiff has "the choice of either providing HIPAA-compliant authorizations to Defendants, or abandoning her claim to non-garden variety emotional health damages"). The Court therefore sees no basis for Plaintiff to provide Defendants with HIPAA authorizations at this time.

As for Plaintiff's request for a protective order, that application is DENIED on the grounds that Plaintiff's motion does not comply with Local Civil Rule 37.1, which states:

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1; *see* Local Rule 5.1 ("A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37 inclusive, or making or opposing any other motion or application, shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or that are cited in papers submitted in connection with any other motion or application."). To comply with these Rules in the context of a motion for a protective order, the movant must first list verbatim the individual document request or interrogatory served by the opposing party, followed directly by the movant's verbatim response to the particular request, followed immediately by the specific objection(s) counsel is raising and the basis for the protective order (*i.e.*, why the document request or interrogatory is objectionable).

Plaintiff generally followed this protocol with respect to three interrogatories referenced in her motion. *See* DE 22 at 3. However, Plaintiff states that her objections to Defendants' documents demands "are so extensive that they, together with defendants' demands[,] are attached separately" as an exhibit to Plaintiff's motion. *Id.* Thus, Plaintiff seeks to have the Court flip flop between the body of her motion and the attached list of document demands/responses in order to rule on the application for a protective order -- a time-consuming exercise which Local Rule 37.1 was intended to avoid. The Court also notes that Plaintiff has not cited any case law in support of her motion.

For these reasons, Plaintiff's motion for a protective order is DENIED, without prejudice, and with the right to renew once the motion complies with Local Civil Rule 37.1. Plaintiff is expected to refer to relevant case law to support her position/objection as to each discovery demand. Further, the three-page limitation concerning letter motions is waived when filing a motion pursuant to Local Civil Rule 37.1. However, Plaintiff's counsel is cautioned that the Court expects the parties to have a substantive meet-and-confer to try to resolve as many of these document requests as possible. The Court does not intend to go through a lengthy list of requests and objections which counsel should reasonably be able to work out. If that is not the case, then the Court will require the parties to appear for a day in Courtroom 910 to work out their issues.

                                                                 **SO ORDERED**.

Dated: Central Islip, New York
       September 8, 2016                                         /s/ A. Kathleen Tomlinson
                                                                           A. KATHLEEN TOMLINSON
                                                                           U.S. Magistrate Judge